# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| HARRISON SHAW, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:10-CV-350 JVB |
| | ) |
| HEALTCHCARE SERVICES GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Harrison Shaw, Jr., filed this case on August 23, 2010, alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*., and 42 U.S.C. § 1981. He moved to amend his complaint on November 4, 2010, and the motion was granted on November 17, 2010. On December 2, 2010, Defendant Healthcare Services Group moved to dismiss the amended complaint.

**A. Background Facts**

Shaw is an African-American male. In 2009, he applied to work at the Riverbend Health Care Center[1] (Riverbend). The application form he filled out asked if he had been convicted of a crime excluding traffic offenses and misdemeanors. Because the form said to exclude misdemeanors, he did not list his two misdemeanor convictions, one of which was for battery. He claims that he told Stephanie (last name unknown), a supervisor who interviewed him, about the convictions during the application process. He was hired and began to work at Riverbend as

---

[1] Riverbend Health Care Center was also a defendant in this case but was dismissed by stipulation [DE 42].

a floor technician on July 13, 2009. While he performed all his work at Riverbend, Shaw was actually employed by Defendant Healthcare Services Group.

During his employment at Riverbend, Shaw received no disciplinary actions or writeups. Around August 13, 2009, Shaw's supervisor Derrick, a white male, accused Shaw of falsifying his job application form. Shaw told Derrick about his two misdemeanor convictions and that one of them was for battery. Derrick then told Shaw, "Oh, well we don't allow batteries at all." Shaw was then fired. After he was fired, Shaw did not receive his last pay check until about two weeks after he should have.

Shaw claims that Healthcare Service Group did not fire any similarly situated non-African-American or female employees that had misdemeanor convictions in their background. He also claims that the reason given for his termination was false and pretextual and that he was actually fired for discriminatory reasons. He also claims that his supervisor provided changing reasons for his termination.

Shaw filed a Charge of Discrimination with the EEOC on November 16, 2009. The EEOC issued a Dismissal and Notice of Rights on May 25, 2010.

## B. Legal Standards

### (1) *Motion to Dismiss Standard*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule

8 does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2] As the Supreme Court has stated, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has determined that "'[p]lausibility in this context does not imply that the district court should decide whose version to believe, or which version is more likely than not . . . . [T]he plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these thing have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original). The Seventh Circuit has also observed that "in many straightforward cases, it will not be any more difficult today for a plaintiff to meet that burden than it was before [*Twombly* and *Iqbal*]. A plaintiff who believes that she has been passed over for a promotion because of her sex will be able to plead that she was employed by Company X, that a promotion was offered, that she applied and was qualified for it, and that the job went to someone else. That is an entirely plausible scenario, whether or

---

[2]In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

not it describes what 'really' went on in this plaintiff's case." *Id.* At 404-405.

**(2)** *Employment Discrimination Standard*

The same standards for proving liability apply to both Title VII and § 1981. *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 782 (7th Cir. 2006). To proceed under the direct method, "a plaintiff must offer either direct evidence that acknowledges discriminatory animus on the part of the employer or circumstantial evidence which establishes discriminatory motive through a longer chain of inferences." *Grigsby v. LaHood*, 628 F.3d 354, 358 (7th Cir. 2010). Under the indirect method of proof, plaintiffs "must make a prima facie case of discrimination by showing that they (1) belong to a protected class; (2) performed their job according to [their employer's] legitimate performance expectations; (3) suffered an adverse employment action; and (4) were treated less favorably compared to similarly situation employees outside of the protected class." *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 257, 362 (7th Cir. 2009).

**C. Discussion**

Shaw's complaint has pled enough detailed facts in his complaint to present a story that holds together. The court concludes that the discrimination he alleges could have happened, which is all that is required to survive a motion to dismiss.

The facts pled in the complaint are enough to proceed under the indirect method of proof. The complaint alleges that Shaw is an African-American male and thus part of a protected class. It also alleges that he met Healthcare Services' Groups legitimate expectations and received no disciplinary actions or writeups while he was working at Riverbend. The complaint further

4

alleges that he was fired, thus suffering an adverse employment action. While the complaint does not contain many details about the treatment of others outside of the protected class, what it does contain is enough for Shaw's claims to be plausible. Because Shaw can proceed under the indirect method of proof, the court does not need to consider the direct method at this stage of the proceedings.

**D. Conclusion**

The Court DENIES Defendant's Motion to Dismiss [DE 32].

SO ORDERED on April 11, 2011.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge